# EXHIBIT J



**NOTICE OF RESCISSION**

May 31, 2023

**Via Email and Messenger**

The Kelemen Company Inc.
c/o Tibor Kelemen and Tam Doan
19100 Von Karman Avenue, Suite 480
Irvine, California 92612

Re:   *Araceli Ramirez v. The Kelemen Company and Tibor Kelemen*
          Orange County Superior Court, Case No. 30-2022-01259089-CU-WT-CJC
      *Eric Grimes v. The Kelemen Company and Tibor Kelemen*
          Orange County Superior Court, Case No. 30-2022-01259060-CU-WT-CJC

|  |  |  |
|---|---|---|
| Insurer: | Mount Vernon Fire Insurance Company | |
| Claim Numbers: | 0-14845; 0-14846 | |
| Insured: | The Kelemen Company Inc. | |
| Policy Nos.: | EPL2556976 | (eff. 1/16/2018 – 1/16/2019) |
|  | EPL2556976A | (eff. 1/16/2019 – 1/16/2020) |
|  | EPL2556976B | (eff. 1/16/2020 – 1/16/2021) |
|  | EPL2556976C | (eff. 1/16/2021 – 1/16/2022) |
|  | EPL2556976D | (eff. 1/16/2022 – 1/16/2023) |
| First Notice of Loss: | May 23, 2022 | |

Dear Mr. Kelemen and Ms. Doan:

Based on the information obtained by Mount Vernon Fire Insurance Company ("Mount Vernon") through its investigation of the above-referenced claims and the information provided to Mount Vernon in support of The Kelemen Company Inc.'s ("Kelemen Company") application for insurance policy no. EPL2556976, which Mount Vernon issued with effective dates of January 16, 2018 to January 16, 2019 (the "Policy"), and which was annually renewed four times through January 16, 2023, I regret to inform you that Mount Vernon hereby rescinds the Policy and all subsequent renewal policies (collectively, the "Policies").

As discussed below, Kelemen Company failed to inform Mount Vernon prior to the Policy issuance that, within the five years prior to the submission of the application, Tibor Kelemen and Tam Doan had been named as defendants in a lawsuit brought by a former employee, June Nagano, on July 10, 2015, entitled *June Nagano v. Wind Water Realty, Inc., Wind Water Realty Advisers,*

BERKSHIRE HATHAWAY COMPANIES

1190 DEVON PARK DRIVE • P.O. BOX 6700 • WAYNE, PA 19087 • 610-688-2535 • 888-523-5545 • FAX 610-688-4391

United States Liability Insurance Company • Mount Vernon Fire Insurance Company • U.S. Underwriters Insurance Company
Mount Vernon Specialty Insurance Co. • Radnor Specialty Insurance Co.

USLI.COM • DEVONPARKSPECIALTY.COM

*Inc., Wind Water Development Advisors, Inc., Tibor Kelemen, and Tam Doan*; Orange County Superior Court Case No. 30-2015-00797817-CU-WT-CJC. Ms. Nagano's first amended complaint alleged causes of action for assault, sexual battery, battery, false imprisonment, sexual harassment, sex discrimination, racial discrimination, intentional infliction of emotional distress, retaliation, and wrongful termination. Instead, Kelemen Company inaccurately represented in its application and renewal papers that no employment related, third party discrimination or third party harassment claim or suit had been made against "any person proposed for insurance in the capacity of either director, officer, member (if an LLC), or employee of an entity proposed for insurance" within the last five years. Such information was material to the risk that Mount Vernon had agreed to insure. Had Mount Vernon been informed of the prior lawsuit against Tibor Kelemen and Tam Doan alleging employment related, third party discrimination and third party harassment claims, it would not have issued the Policies at all.

### POLICY AND UNDERWRITING INFORMATION

The Policy, originally effective January 16, 2018 to January 16, 2019, and annually renewed four times through January 16, 2023, was issued to named insured The Kelemen Company Inc. The Policy provides employment practices liability coverage with limits of $1,000,000 per claim and $1,000,000 in the aggregate, subject to a $10,000 retention for each claim.

In January 2018, during the underwriting period leading to the issuance of the Policy, Kelemen Company submitted to Mount Vernon an Employment Practices Liability Application through its broker (the "Broker Application"). The Broker Application was dated January 18, 2018 and signed by Tam Doan on behalf of Kelemen Company. Among other questions, the Broker Application asked:

> 7. Within the last 5 years, has any employment related, or third party discrimination, or third party harassment inquiry, complaint, notice of hearing, claim or suit been made against any entity proposed for insurance or any person proposed for insurance in the capacity of either director, officer, member (if an LLC), or employee of any entity proposed for insurance?   ☐ Yes   ☒ No

Kelemen Company checked the box designating a response of "No" to question number 7.

In signing the Broker Application on behalf of Kelemen Company, Tam Doan represented, acknowledged, and agreed to the following:

> The signer of this application acknowledges and understands that the information provided in this Application is material to the Insurer's decision to provide the requested insurance and is relied on by the Insurer in providing such insurance. The signer of this application represents that the information provided in this Application is true and correct in all matters. The signer of this Application further represents that any changes in matters inquired about in this Application occurring

prior to the effective date of coverage, which render the information provided herein untrue, incorrect or inaccurate in any way will be reported to the Insurer immediately in writing. The Insurer reserves the right to modify or withdraw any quote or binder issued if such changes are material to the insurability or premium charged, based on the Insurer's underwriting guides. The Insurer is hereby authorized, but not required, to make any investigation and inquiry in connection with the information, statements and disclosures provided in this Application. The decision of the Insurer not to make or to limit any investigation or inquiry shall not be deemed a waiver of any rights by the Insurer and shall not estop the insurer from relying on any statement in this Application in the event the Policy is issued. It is agreed that this Application shall be the basis of the contract should a policy be issued and it will be attached and become a part of the Policy.

Tam Doan signed the Broker Application immediately following this paragraph and gave her title as the "Operations Manager" of Kelemen Company. In reliance upon Kelemen Company's representations in the Broker Application, Mount Vernon issued the Policy on January 22, 2018, but with effective dates of January 16, 2018 through January 16, 2019 as requested by Kelemen Company's broker. The Policy was renewed annually four times, through January 16, 2023.

In January 2019, during the underwriting period leading to the first renewal of the Policy, Kelemen Company submitted to Mount Vernon an Employment Practices Liability Application through its broker (the "First Renewal Application"). The First Renewal Application was dated January 16, 2019 and signed by Tam Doan on behalf of Kelemen Company. Among other questions, the First Renewal Application asked:

7.  Within the last five years, has any employment related, or third party discrimination, or third party harassment inquiry, complaint, notice of hearing, claim or suit been made against any entity proposed for insurance or any person proposed for insurance in the capacity of either director, officer, member (if an LLC), or employee of any entity proposed for insurance? If "Yes," complete USLI Claim Supplement for each claim.   ☐ Yes   ☒ No

Kelemen Company checked the box designating a response of "No" to question number 7.

In signing the First Renewal Application on behalf of Kelemen Company, Tam Doan represented, acknowledged, and agreed to the following:

The signer of this application acknowledges and understands that the information provided in this Application is material to the Insurer's decision to provide the requested insurance and is relied on by the Insurer in providing such insurance. The signer of this application represents that the information provided in this Application is true and correct in all matters. The signer of this Application further represents that any changes in matters inquired about in this Application occurring

prior to the effective date of coverage, which render the information provided herein untrue, incorrect or inaccurate in any way will be reported to the Insurer immediately in writing. The Insurer reserves the right to modify or withdraw any quote or binder issued if such changes are material to the insurability or premium charged, based on the Insurer's underwriting guides. The Insurer is hereby authorized, but not required, to make any investigation and inquiry in connection with the information, statements and disclosures provided in this Application. The decision of the Insurer not to make or to limit any investigation or inquiry shall not be deemed a waiver of any rights by the Insurer and shall not estop the insurer from relying on any statement in this Application in the event the Policy is issued. It is agreed that this Application shall be the basis of the contract should a policy be issued and it will be attached and become a part of the Policy.

Tam Doan signed the First Renewal Application following this paragraph and gave her title as the "Director" of Kelemen Company. In reliance upon Kelemen Company's representations in the First Renewal Application, Mount Vernon renewed the Policy with effective dates of January 16, 2019 through January 16, 2020.

## ANALYSIS

Unfortunately, information regarding prior employment claims and lawsuits that Kelemen Company provided to Mount Vernon during the underwriting of the Policy and the renewal of the Policy was inaccurate. Although Kelemen Company represented in January 2018 and in January 2019 that no "employment related, or third party discrimination, or third party harassment inquiry, complaint, notice of hearing, claim or suit, [had] been made against any entity proposed for insurance or any person proposed for insurance in the capacity of either director, officer, member (if an LLC), or employee of any entity proposed for insurance" in the five years prior to the Broker Application, in fact Kelemen Company CEO Tibor Kelemen and Operations Manager Tam Doan had been sued by their former employee June Nagano for various employment, discrimination and harassment claims in 2015.

Specifically, and as Mount Vernon has recently learned, June Nagano filed a lawsuit against Tibor Kelemen, Tam Doan, Wind Water Realty, and other defendants on July 10, 2015. The lawsuit was styled: *June Nagano v. Wind Water Realty, Inc., Wind Water Realty Advisers, Inc., Wind Water Development Advisors, Inc., Tibor Kelemen, and Tam Doan*; Orange County Superior Court Case No. 30-2015-00797817-CU-WT-CJC.

Ms. Nagano's first amended complaint, dated September 9, 2015, asserts causes of action for assault, sexual battery, battery, false imprisonment, sexual harassment, sex discrimination, racial discrimination, intentional infliction of emotional distress, retaliation, and wrongful termination. Ms. Nagano alleged that following a September 5, 2014 company-sponsored boating excursion, Tibor Kelemen assaulted her outside of a Newport Beach restaurant, forcing her into a secluded alcove and kissing her without her consent. Ms. Nagano further alleged that Kelemen aggressively grabbed her and forced her "to engage in oral copulation as he pushed Plaintiff to her knees, forced his penis into her mouth, and demanded she 'finish [him] off,' despite Plaintiff's pleas that he stop." (FAC ¶ 15.)

4

Exhibit J
Page 214

Ms. Nagano further alleged that Tibor Kelemen engaged in a pervasive pattern of race/national origin-based harassment against her, mockingly imitating Asian accents in her presence and making disparaging comments about Kelemen's Asian clients. (FAC ¶ 143.) She also claimed that Tibor Kelemen made anti-Semitic comments and jokes in her presence. (*Ibid*.)

Ms. Nagano further alleged causes of action for sexual harassment and intentional infliction of emotional distress against Tam Doan. Ms. Nagano alleged that, when she reported the harassment and assault to Ms. Doan, the then-human resources manager at Wind Water, Ms. Doan accused her of lying and sent her a text message calling her a "fucken whore [sic]". (FAC ¶ 166.)

Nagano, Kelemen, Doan, and Wind Water entered into a confidential settlement agreement on October 16, 2015, approximately 3 months after the lawsuit was filed. Thereafter, the parties filed a joint motion to seal certain pleadings, which was granted in part.

The prior employment claim and employment lawsuit history of Kelemen Company and persons that were its officers, directors, and employees (collectively, "Proposed Insureds") is information that was material to the risk that Mount Vernon agreed to insure. The Broker Application and First Renewal Application specifically inquired about any prior employment related, or third party discrimination, or third party harassment claims or lawsuits against the Proposed Insureds. Had Mount Vernon known that the Proposed Insureds' lawsuit history included a sexual harassment, sexual assault, and racial discrimination complaint filed by a former employee of a prior company against CEO Tibor Kelemen and Operations Manager/Director Tam Doan within five years of the Policy issuance, Mount Vernon would have declined to issue the Policies altogether.

Accordingly, Mount Vernon hereby rescinds the Policies and returns Kelemen Company's premium payments, with interest, by issuing the enclosed check no. 5008447, made payable to Kelemen Company for the amount of $18,492.08. Mount Vernon's payment of interest is made without waiver of Mount Vernon's right to contend, and should not be deemed a basis for estopping Mount Vernon from contending that such payment is not required and/or exceeds what is required.

Notwithstanding Mount Vernon's rescission of the Policies and as set forth in Mount Vernon's May 31, 2023 reservation of rights letter, with Kelemen Company's consent, Mount Vernon is amenable at this time to continuing to provide the defense that it has been providing Kelemen Company and Tibor Kelemen in the Claims through Wesierski & Zurek LLP, subject to a full and complete reservation of rights. If Kelemen Company and Tibor Kelemen wish to transition their defense to their own personal counsel at their own expense, please immediately advise Mount Vernon's Linda Carney in writing, as noted in the May 31, 2023 reservation of rights letter.

This notice of rescission should not be construed as a concession by Mount Vernon that the insurance applications were truthful and accurate in all other respects. Nor should this letter be construed as a waiver of Mount Vernon's ability to raise other material misrepresentations and/or concealments in your insurance applications not discussed herein.

5

Thank you for your attention. If you have any questions concerning Mount Vernon's decision to rescind the Policies, please do not hesitate to contact me.

Sincerely,

*Shelby Chapman*

Shelby L. Chapman, RPLU
Vice President & General Counsel
Legal & Compliance
(888) 523-5545, ext. 2826
shelby.chapman@usli.com


Enclosure:     Check No. 5008447

cc:    Christopher P. Wesierski, Esq.
       cwesierski@wzllp.com
       Michelle R. Prescott, Esq.
       mprescott@wzllp.com
       Eileen Spadoni
       espadoni@wzllp.com
       WESIERSKI & ZUREK LLP
       29 Orchard Road
       Lake Forest, California 92630

       Amwins Insurance Brokerage of California, LLC
       Attn: Lauren Pierce, Senior Associate Broker
       lauren.pierce@amwins.com
       435 North Pacific Coast Highway, Suite 200
       Redondo Beach, California 90277

6

